**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:                                         CASE NO: 19-40119 KKS
                                               CHAPTER 7

**Marth De La Caridad Molina,**

    Debtor(s).
_____/


**MARY W. COLÓN, TRUSTEE,**

    Plaintiff,
vs.                                            ADV. CASE NO. 19-04034 KKS

**Martha De La Caridad Molina,**

    Defendant(s).
_____/

## REPORT OF THE PARTIES' PLANNING MEETING

Plaintiff Mary W. Colón, Chapter 7 Trustee ("Plaintiff") and the Defendant Martha De La Caridad Molina jointly submit this report in accordance with Rule 7026 of the Federal Rules of Bankruptcy Procedure.

1.  <u>Date and Place of Meeting and Identification of Parties and their Attorneys.</u>

    a.  The date and place at which the meeting was held.

        **A Rule 26(f) meeting was conducted on 10/09/2019 at 3520 Thomasville Road, 4th Floor, Tallahassee, Florida 32309.**

b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting.

**Plaintiff is the Chapter 7 Trustee assigned to the underlying Chapter 7 Bankruptcy Case whose address is PO Box 14596, Tallahassee, FL 32317. Plaintiff was represented at the Rule 26(f) meeting by Mary W. Colón, Esq., whose address is PO Box 14596, Tallahassee, FL 32317. (Telephone: 850-241-0144).**

**Defendant is the individual debtor in the chapter 7 case whose mailing address is 4024 N. Monroe Street, Lot 68, Tallahassee, FL 32303. Defendant was represented at the Rule 26(f) meeting Leighanne Boone, 207 West Park Avenue, Suite A, Tallahassee, FL 32301. (Telephone: 850-895-1737)**

c. Name of insurance carriers that may be liable for the defense or payment of any damage award.

**NONE**

2. Description of the Case.

a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description.

**Jurisdiction conferred by 28 U.S.C. §§ 727 and 1334.**

**This is a core proceeding and the parties do not object to the Court's entry of a final order or judgment.**

b. A brief narrative of the facts giving rise to this lawsuit, including a description of legal claims and defenses.

2

**Plaintiff:** The Plaintiff trustee seeks to deny debtor's discharge pursuant to 11 U.S.C. §727 for failing to disclose a payment, for transfer of estate funds to her son or payment on his behalf, for failing to maintain records regarding the transaction, and for false oath on her bankruptcy schedules and forms.

**Plaintiff is requesting this Court deny debtor's discharge and award costs of the suit.**

**Defendant:** The Defendant paid for her son's eye surgery with her exempt 2018 tax refund. Debtor made no false oaths as this payment was not for a debt, but for an essential medical expense of her dependent, live in son.

3. <u>Pleadings</u>.

    a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings.

    **Plaintiff's Complaint and Defendant's Answer have been filed. Neither party intend to amend their pleadings**

    b. The date by which all motions that seek to amend the pleadings or add parties will be filed and motion to certify a class.

    **No other parties are to be joined.
    Complaint may be amended within 20 days of the last deposition in this case and any responsive pleading to an Amended Complaint must be filed within 20 days of service of an Amended Complaint.**

    c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

**Jury trial is not demanded.**

4. <u>Discovery Plan</u>.

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed).

**Plaintiff is to provide within 20 days of the date of this report. Defendant is to provide within 20 days of Plaintiff's filing.**

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures.

**Plaintiff and Defendant do not wish to engage in alternative dispute resolution in the form of non-binding mediation.**

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues.

**Standard discovery plan is anticipated consisting on interrogatories, request for production and depositions.**

d. The date by which each party shall disclose the identity of **expert witnesses** and their reports under Rule 26(a)(2)(A) and (B).

**Plaintiff and Defendant do not anticipate the use of an expert witness.**

e. The number if interrogatories each party shall be permitted to serve.

>**Unless otherwise agreed to by the parties or ordered by the Court, Plaintiff and Defendant have agreed to each serve no more than 30 interrogatories.**

    f.    The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take.

>**Unless otherwise agreed to by the parties or ordered by the Court, Plaintiff and Defendant have agreed to take no more than 3 depositions each (excluding depositions of expert witnesses).**

    g.    The number of expert depositions each party shall be permitted to take.

>**Unless otherwise agreed to by the parties or ordered by the Court, Plaintiff and Defendant have agreed to take no more than 1 expert deposition each.**

5.    <u>Close of Discovery and Non-Dispositive Motions</u>.

The date by which all **discovery** shall be completed and all **non-dispositive motions** shall be filed and served.

**January 10, 2020**

6.    <u>Dispositive Motions and Trial</u>.

    a.    Date by which all **dispositive** motions shall be served, filed and heard by the Court.

    **February 10, 2020**

    b.    Date by which case will be ready for **trial**.

    **May 11, 2020, or no less than 90 days after any dispositive motion(s) have been filed, served, and heard, whichever is later.**

c.      The number of expert witnesses each party expects to call at trial.

**Plaintiff and Defendant presently anticipate neither will call an expert witness.**

d.      Estimated trial time.

**The trial of this matter should last no three hours.**

| | |
|---|---|
| **Dated:** *October 23, 2019* | **Dated**: October 23, 2019 |
| The Boone Law Firm | Smith, Thompson et al. |
| By: */s/ Leighanne Boone*<br>Leighanne Boone, Esq.<br>Attorney for Defendant<br>Fla. Bar No.: 107308<br>207 West Park Avenue<br>Suite A<br>Tallahassee, FL 32301<br>(850) 895-1437<br>lboone@thebooonelawfirm.com | By: */s/ Mary W. Colón*<br>Mary W. Colón<br>Attorney for Plaintiff<br>Fla. Bar No.: 0184012<br>PO Box 14596<br>Tallahassee, FL 32317<br>(850) 241-0144<br>marybethc@stslaw.com |