**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

**MARTHA DE LA CARIDAD MOLINA,**   Chapter 7
                                    Case No. 19-40119-KKS
     Debtor.
_____/

**MARY W. COLÓN, CHAPTER 7 TRUSTEE,**
                                    Adv. Pro. 19-04034
     Plaintiff,
v.

**MATHA DE LA CARIDAD MOLINA,**

     Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEBTOR'S**
**MOTION FOR SUMMARY JUDGMENT (Doc. 33)**

COMES NOW THE PLAINTIFF, MARY W. COLÓN, CHAPTER 7, TRUSTEE, and files this Response to Debtor's Motion for Summary Judgment (Doc. 33) and states:

**FACTUAL BACKGROUND**

1. Debtor filed for bankruptcy on 03/11/2019.

2. Debtor paid her bankruptcy counsel $335 for a filing fee and $1,650.00 for attorney's fees on 12/5/2018. SOFA No. 16

3. Pursuant to Statement of Compensation, Debtor had paid the

filing fee as of 2/8/2019.

4. Debtor's schedules identified a bank account with a balance of $200.00 Schedule A/B no. 17.

5. Debtor's schedules identified a tax refund owed to her of $3,000.  Schedule A/B no. 28.

6. In addition, Debtor's initial schedules show the following:

   a. Debtor identified two payments over $600 within 90 days of filing – one for a car payment and the other for a mortgage payment.  SOFA, no. 6

   b. No payment made on a debt that debtor owed to an insider within 1 year of filing bankruptcy.  SOFA, no. 7

   c. No payment or transfer of any property within 1 year of filing on a debt that benefited an insider.  SOFA, no. 8

   d. No gifts with a total value of more than $600 per person to anyone within 2 years of filing for bankruptcy.  SOFA, no. 13

7. Debtor testified at the meeting of creditors her schedules and statement of financial affairs were true and correct.  She further testified she had made no transfers.

8. This adversary suit was commenced on 6/14/2019.

9. Debtor amended her schedules after this adversary suit was

commenced on 07/10/2019 to correct the balance in the checking account but has yet to amend the schedules to correct transfers made or debts owed to her.

10. The undisputed facts establish the following as articulated in Debtor's Motion for Summary Judgment:

    a. Debtor had a balance in her bank account on the date of filing of $994.80.

    b. Debtor was not owed a tax refund at the time of filing as she had received it on 2/22/2019.

    c. Debtor transferred $4,000 to her son on 2/27/2019.

    d. Debtor filed for bankruptcy on 3/11/2019.

    e. Debtor's son paid Jacksonville Eye Center on 5/23/2019 by charge card.

## MEMORANDUM OF LAW

"Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Celotex Crop. v. Catrett, 477 U.S. 317, 322 (1986). A debtor will be denied a discharge for making a false oath if 1) the debtor made a statement under oath; 2) the debtor knew the statement was false; 3) the statement was material to the

bankruptcy case; and 4) the debtor made the statement with fraudulent intent. SunTrust Bank v. Mitchell, 496 B.R. 625 (Bankr. N.D. Fla. 2013) and James v. Tripler, 360 B.R. 333, 349 (Bankr. N.D. Fla. 2005). A denial of discharge is appropriate when a false oath is material – "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." Id. at 350 citing Chalik v. Moorefield, 748 F.2d 616, 618 (11th Dir. 1984). Omissions from the schedules and statement of financial affairs may constitute a false oath. Swicegood v. Ginn, 924 F.2d 230 (11th Cir. 1991).

To warrant a denial of discharge under 11 U.S.C. §727(a)(4), there must be a knowing intent to defraud creditors. Swicegood v. Ginn, 924 F.2d 230, 232 (11th Cir. 1991). This intent can be inferred from the circumstances as a debtor will rarely admit their fraudulent intent. Sperling v. Hoflund, 163 B.R. 879, 882 (Bankr. N.D. Fla. 1993). Furthermore, the value of the omission is not determinative of whether the omission is material. In re Chalik, 748 F.2d 616 (11th Cir. 1984). The key is disclosure as the bankruptcy process only works when debtors are truthful and honest during the process. Mitchel, 496 B.R. at 632. Discharges are freely granted when parties come before the Court and layout their property and

affairs. Regardless of the sophistication of a debtor, honesty is paramount for the bankruptcy system to work. A trustee or creditors should not have to engage in a "tug-of-war" to get to the truth. Id.

Debtor's bankruptcy case was fairly simple compared to many that are filed. There are fewer than 10 entries on schedule A/B to identify property of Debtor, and only 5 questions out of 28 on the statement of financial affairs for which responses were provided. A total of 16 creditors were listed on Schedules D, E and F. Despite that, debtor didn't fully disclose a transfer or the state of her affairs on her schedules. Further, she failed to identify the transfers at the 341 meeting in her testimony, and to date has failed to amend the schedules to disclose the transfer.

On her schedules, the debtor failed to identify her bank account balance correctly, identified a tax refund due to her that had already been received more than three weeks before filing, and failed to disclose a transfer of $4,000 to her adult son just 13 days prior to filing. The debtor had all the time she needed to review the schedules and get an understanding of the questions. The schedules indicate she had paid for her bankruptcy case to be filed in early December 2018. Debtor fails to offer an explanation in her motion as to why the omissions and incorrect information was provided on her schedules. Instead she argues her false

testimony at the 341 meeting was a lack of understanding of the English language.  This is flawed as Debtor's testimony at the 341 meeting was through a Spanish interpreter.  This was provided to prevent misunderstandings of the English language.  The questioning of Debtor and her answers were in her native language.

Though compared to more complex cases the testimony provided in the schedules and at the 341 meeting seem small, but when considered in this case they are not.

As to intent, this is a case where the circumstances establish intent. Debtor had decided in early December 2018 to file for bankruptcy.  She then waited until March 2019 to file.  Just 13 days prior to filing her schedules, she paid $4,000 to her adult son.  Whether the monies would or would not have been subject to administration is not relevant as the 11th Circuit articulated in Chalik.  Chalik, 748 F.2d 616.  The relevant issue regarding false oath is whether debtor provided a false oath, not the value.

Debtor argues the badges of fraud prove no fraudulent intent. However, debtor's argument here is also misplaced.  Debtor's argument is premised on Debtor having paid an eye doctor $4,000 for a surgical procedure.  Debtor's own affidavit admits she paid $4,000 to her adult son – not the doctor.  Looking at the badges of fraud correctly, it is clear 1)

debtor received nothing in return from her son for the transfer of $4,000, 2) the son is an insider, 3) Debtor was insolvent at the time of transfer as she had already paid for her bankruptcy case to be filed over two months prior, and 4) the timeline shows debtor sought bankruptcy advice in December 2018, waited to file until March 2019 and in the interim transferred the majority of her funds to her son.  When the situation is looked at through the badges of fraud, fraudulent intent can be inferred.  But regardless of this, the circumstances, false statements, and omissions in this case establish the criteria set forth in <u>Mitchel</u> to deny discharge.

     This case is very similar to <u>In re Malave</u>, from the Middle District of Florida.  In that case a debtor failed to disclose an ownership in a joint bank account and a transfer to an adult son with serious medical conditions.  <u>In re Malave</u>, 2019 WL 259427 (Bankr. M.D. Fla. 2019).  The court in that case acknowledged the debtor's good intention, but did not excuse the failure to disclose.  Similarly, regardless of Debtor's good intentions to help her adult child, the omissions and false statements cannot be ignored.  In this case where there were such few things to disclose, the false information is material and was only discovered after a tug-of-war to get information from the Debtor.  Denial of discharge is appropriate in this case and as such Debtor's Motion for Summary Judgment should be denied.

WHEREFORE, Plaintiff requests this Court deny Debtor's Motion for Summary Judgment and grant such further relief as this Court deems proper.

**RESPECTFULLY SUBMITTED** this 14th day of May, 2020.

/s/  Mary W. Colón
Mary W. Colón
Smith, Thompson, Shaw, Minacci,
    Colón, & Power, PA
3520 Thomasville Road, Fourth Floor
Tallahassee, FL 32309
Telephone: (850) 241-0144
Facsimile: (850) 702-0735
marybethc@stslaw.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Leighanne Boone, Esq., The Boone Law Firm, PA, 207 West Park Ave, Suite A, Tallahassee, FL 32301 by ECF to email address LBoone@TheBooneLawFirm.com this 14th day of May, 2020.

/s/ Mary W. Colón